**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

**CURTIS JAMES JACKSON,**

    **Petitioner,**

VS.

**CIVIL ACTION FILE
NO. 1:07-CV-217 (WLS)**

**VICTOR WALKER, Warden,**

    **Respondent.**

**RECOMMENDATION**

This is an action seeking the issuance of the writ of habeas corpus brought by a state of Georgia prisoner. Presently pending is respondent's motion to dismiss the petition in which it is alleged that the petition was not filed within the one year limitations period established in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Title 28 U.S.C. § 2244 states in pertinent part:

> (d)(1)[1] A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] 28 U.S.C. § 2244(d)(1) also contains sub-parts (B) and (C) which are not germane to this recommendation and therefore not quoted above.

Petitioner was convicted on May 25, 1990, in the Superior Court of Dougherty County by virtue of his plea of guilty to burglary. Plaintiff was thus convicted more than five years prior to the effective date of AEDPA. The Eleventh Circuit Court of Appeals has determined that for those individuals who were convicted well prior to the effective date of AEDPA, that they must be given a reasonable time after the enactment of the statute in which to filed their petitions. That court has determined that a reasonable time is one year after the effective date of AEDPA or April 23, 1997, unless tolled by section (d)(2) of 28 U.S.C § 2244. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998).

In this case petitioner never appealed his conviction to the Georgia Court of Appeals. His conviction therefore became final as set out in 28 U.S.C. § 2244(d)(1)(A) on or about June 24, 1990, the last day on which plaintiff could have timely filed his notice of appeal to the Georgia Court of Appeals (See Rule 32(b) of the Rules of the Georgia Court of Appeals where it is provided that a notice of appeal must be filed within thirty days of conviction). Wilcox, however gave him until April 23, 1997 to file his federal habeas petition before becoming time barred. Plaintiff did not file the instant petition until approximately ten and one half years later on December 5, 2007. His petition is therefore untimely.

Petitioner agrees that he did not appeal his conviction, maintaining that he was under the impression he was sentenced only to a ten year term of imprisonment as per an apparent plea bargain with the prosecution. Petitioner attempts to maintain however that because he did not know he had received a twenty year split sentence (ten to serve in prison, followed by ten on probation) that his conviction should not be considered to be final on the last date on which he could have filed a notice of appeal. In his brief in opposition to Respondent's motion (doc. # 13) Petitioner alleges that on May 20, 2005, he filed with the sentencing court an extraordinary motion of reconsideration

2

of probation and sentence. He filed nothing in the state appellate court, causing his conviction to become final on or about June 24, 1990. Had he filed an extraordinary motion for an out of time appeal with the appellate court existing judicial precedent compels the conclusion that this would have been to no avail. The United States Supreme Court has determined that a conviction becomes final when it is affirmed on the merits, when a petition for certiorari is denied or when the time for filing for certiorari expires. Clay v. United States, 537 U.S. 522, 527 (2003). *See also* Coates v. Byrd, 211 F. 3d 1225, 1226 (11th Cir. 2000); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). As the Eleventh Circuit recently stated in Drury v. USA, 507 F.3d 1295, 1297 (11th Cir. 2007)

> We now join our sister circuits and, consistent with the Supreme Court's decision in Clay, hold that finality attaches when the Supreme Court denies a habeas petitioner's petition for certiorari review. Drury's filing of a motion for reconsideration of the Supreme Court's decision did not affect the disposition of his case in the Supreme Court, and we see no reason why such a motion would toll the time for filing a § 2255 motion. Upon the denial of his certiorari petition, Drury's conviction was final for purposes of the AEDPA's limitations period.

Courts treat section 2254 and 2255 petitions similarly insofar as the limitations period is concerned.

Inasmuch as petitioner's conviction became final long before the effective date of AEDPA, the one year limitations period started running in April of 1996 and ended in April of 1997 unless tolled. As pointed out in respondent's brief, even assuming that plaintiff did not truthfully know about the ten years of probation to which he was sentenced in 1990, he had to know by April 6, 2005, the date of the revocation hearing. He still waited over a year before filing his state habeas petition on June 8, 2006.

The undersigned does not view this situation as being one of equitable tolling. In Sandvik v. United States,177 F.3d 1269, 1271 (11th Cir.1999), the Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both

3

beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly," Steed, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001); *see also* Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew v. Dep't. of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. Id. at 1287-89.

Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., Johnson v. United States, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

4

Accordingly it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss this habeas petition be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 5th day of August 2008.

*/S/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE